UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JORGE LUIS CARMONA,
    *Plaintiff*,

v.

CT. DEPARTMENT OF CORRECTIONS,
    *Defendant*.

No. 3:23-cv-827 (SVN)

## INITIAL REVIEW ORDER

Jorge Luis Carmona ("Plaintiff") is an inmate with physical disability serving a sentence in the custody of the Connecticut Department of Correction ("DOC").[1] He filed this action *pro se* under 42 U.S.C. § 1983 against Connecticut DOC, Correction Officer John Doe, and Lieutenant Ramos and Rivera.[2]

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss a complaint, or any portion

---

[1] Publicly available information on the DOC and Connecticut Judicial Branch websites shows that Plaintiff was sentenced on March 6, 2023, to a term of six years' imprisonment, suspended after two years, and three years' probation. *See* Case detail H15N-CR21-0333615-S at https://www.jud.ct.gov/crim.htm (last visited October 24, 2023). He is now serving his term of probation. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=424308 (last visited October 24, 2023). The Court takes judicial notice of these matters of public record. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public record.").

[2] Under Federal Rule of Civil Procedure 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Plaintiff has only named the DOC as a defendant in his case caption, but the court may find a *pro se* complaint "to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants." *See Imperato v. Otsego County Sheriff's Depart.*, No. 3:13-cv-1594 (BKS/DEP), 2016 WL 1466545, at *26 (N.D.N.Y. April 14, 2016). In light of the special solicitude afforded *pro se* litigants, the Court will construe the complaint as being asserted against the DOC and Defendants Doe, Ramos, and Rivera. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

of a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in Plaintiff's Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I. FACTUAL ALLEGATIONS

While the Court does not set forth all of the facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Plaintiff is wheelchair-bound. ECF No. 1 at 4. When he arrived at Hartford Correctional Center ("HCC") to serve his sentence, the facility had no accommodations for inmates with disabilities. *Id.* at 5. Plaintiff was placed in a regular cell and was not able to take a shower without having correctional staff carry him, which caused him "great pain and injury." *Id.*

In April 2023, Plaintiff fell while he was outdoors during his recreation period because the recreation yard was not wheelchair-accessible. *Id.* The correctional staff refused to help him up off of the ground. *Id.* Plaintiff injured his right leg and back and still suffers pain from that injury. *Id.* He claims that correctional staff on duty at the time of his fall refused to respond to his requests for assistance and medical attention. *Id.*

Plaintiff asserts that he has repeatedly requested accommodations for his disability from Lieutenants Rivera and Ramos. *Id.* at 8. As these requests were ignored, Plaintiff could not shower due to the lack of accessible shower facilities. *Id.* Plaintiff claims that he still experiences pain resulting from being carried in and out of the cell by correction officers. *Id.* at 5.

Plaintiff requests damages and an order for DOC to provide disability-accessible facilities.

**II.    DISCUSSION**

Plaintiff's allegations raise concerns of deliberate indifference in violation of the Eighth Amendment and disability discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701.

A.    Eighth Amendment

Before examining whether any of Plaintiff's Eighth claims can proceed past initial review, the Court addresses the availability of the relief sought by Plaintiff against Defendants under 42 U.S.C. § 1983 as well as allegations related to the personal involvement of Defendants.

*1.    DOC*

As a preliminary matter, Plaintiff may not proceed against the DOC under 42 U.S.C. § 1983 because the state, a state agency, or a division of a state agency is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983). Plaintiff's Section 1983 claim against the DOC is therefore dismissed pursuant to 28 U.S.C. § 1915A.

*2.    Official Capacity Relief*

To the extent Plaintiff is requesting injunctive relief from Defendants Doe, Ramos, and Rivera in their official capacities for alleged Eighth Amendment violations, such requests are moot because Plaintiff is no longer housed at HCC, where these Defendants are alleged to work. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (an inmate's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials at that facility.). Moreover, any claims based on constitutional violations for money damages against Defendants in their official capacities are barred by the Eleventh Amendment, as Defendants are

state employees. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Plaintiff's official capacity Section 1983 claims are thus dismissed pursuant to 28 U.S.C. § 1915A, and the Court proceeds to consider only whether Plaintiff has sufficiently alleged Eighth Amendment claims against any defendant in his or her individual capacity for damages.

### 3. *Personal Involvement of Defendant Doe*

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

Here, Plaintiff has not alleged any facts in the body of his amended complaint about conduct by Officer John Doe. Thus, Plaintiff may not proceed on his Eighth Amendment claim against this Defendant.

### 4. *Deliberate Indifference Claims*

In order to show a violation of his Eighth Amendment rights for deliberate indifference to health or safety, Plaintiff must allege (1) that he was incarcerated under "conditions posing a substantial risk of serious harm" and (2) the prison official putting him in those conditions was deliberately indifferent to his health or safety. *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020). In order to meet this second prong, a defendant "must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Court construes Plaintiff's complaint as asserting Eighth Amendment deliberate indifference to Plaintiff's risk of harm posed by (1) his fall from the wheelchair in the recreational yard; (2) the conditions of the recreation yard; and (3) the inaccessible conditions of his cell and showers at HCC.

As to the first claim, Plaintiff has not set forth sufficient facts describing the personal involvement of Defendants Rivera and Ramos in the failure to attend to his serious need for assistance and medical care after Plaintiff fell in the recreation yard. *See Wright*, 21 F.3d at 501. Accordingly, Plaintiff has not alleged a plausible Eighth Amendment claim based on deliberate indifference to his serious needs after his fall in the recreation yard. The Court dismisses this claim without prejudice. Plaintiff will be afforded leave to amend this claim, in the event he is able to identify the individuals who allegedly were deliberately indifferent to his needs after the fall in the recreation yard.

As to the second and third claims regarding deliberate indifference to his conditions in the recreation yard, cell and showers, Plaintiff has alleged facts to suggest that the conditions of the recreation yard and the HCC cell and shower conditions posed a substantial risk of harm to his safety and well-being, as a result of the pain resulting from being carried in an out of the cell. For initial review purposes, Plaintiff has sufficiently alleged that Defendants Rivera and Ramos acted with conscious disregard to the risk of harm posed to Plaintiff by the conditions of the HCC cell, showers, and recreation yard, given that Plaintiff alleges he repeatedly requested accommodations from these Defendants but was ignored. *See Lenti v. Connecticut*, No. 3:20-cv-127 (SRU), 2020

5

WL 2079462, at *5 (D. Conn. Apr. 30, 2020) (concluding on initial review that Plaintiff had alleged plausible Eighth Amendment claim based on serious risk to his safety due to the condition of his cell and his lack of a wheelchair). Plaintiff may therefore proceed on his Eighth Amendment claims against Defendants Ramos and Rivera in their individual capacity related to the inaccessible conditions of the recreation yard, his cell, and the showers.

### B. Disability Discrimination

The Court also construes Plaintiff's complaint as pleading violations of his rights under the ADA and RA for failure to accommodate his disability. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the RA provides, in relevant part, that no "otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Because the standards under both statutes are generally the same but for subtle differences that, at this stage, do not appear relevant to this case, claims under the two statutes are treated identically. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

In order to successfully plead a claim under Title II of the ADA or § 504 of the RA, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) that the defendants are subject to the ADA and RA; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendants' services, programs, or activities, or was otherwise discriminated against by the defendants, because of the plaintiff's disability. *Henrietta D.*, 331 F.3d at 272.

Plaintiff's complaint alleges that he is a qualified individual with a disability, as he is wheelchair-bound; state prisons are public entities subject to the ADA and RA, *see Penn. Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998); and Plaintiff has alleged he has been discriminated against because of his disability.  He has therefore sufficiently alleged the elements of ADA and RA claims.

With respect to the type of relief sought, "[n]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." *Garcia v. S.U.N.Y. Health Scis. Ctr. Of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).  Accordingly, the Court dismisses Plaintiff's RA and ADA individual capacity claims against Defendants Rivera and Ramos.

As to official capacity claims, the Court is aware that it is presently unsettled in the Second Circuit whether a plaintiff may assert a Title II ADA damages claim against a state actor in his or her official capacity, and, if so, under what circumstances such a claim can be maintained.  *See Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193–95 (2d Cir. 2015) (recognizing uncertainty, after the decision in *United States v. Georgia*, 546 U.S. 151 (2006), about the extent to which Congress validly abrogated state sovereign immunity under Title II and about the continuing validity of the Second Circuit's decision in *Garcia*, 280 F.3d at 111–12, on this issue).  At this initial pleading stage, Plaintiff may proceed on his official capacity ADA and RA official capacity claims against Lieutenants Rivera and Ramos and the DOC.  This ruling is without prejudice to Defendants filing a motion to dismiss or dispositive motion on this or any other issue addressed by this order.

### III.     ORDERS

For the foregoing reasons, the Court permits Plaintiff to proceed on (1) his Eighth Amendment individual capacity claims against Lieutenants Rivera and Ramos based on their deliberate indifference to his risk of harm posed by the inaccessible conditions of Plaintiff's cell at HCC and the showers and recreation yard; and (2) his ADA and RA official capacity claims against Lieutenants Rivera and Ramos and the Department of Correction.  The Clerk is instructed to add Lieutenants Rivera and Ramos and Officer John Doe to the docket.

All other claims are **DISMISSED** without prejudice.  The Clerk is directed to **TERMINATE** Defendant Correction Officer John Doe as a party to this action.

Plaintiff has two options as to how to proceed in response to this Initial Review Order:

#### OPTION ONE

If Plaintiff wishes to proceed immediately on the claims against Defendants Ramos and Rivera only as set forth above, he may do so without further delay.  If Plaintiff selects this option, he shall file a notice on the docket by **November 27, 2023,** informing the court that he elects to proceed with service as to the claims against these Defendants on these claims.  The court will then begin the effort to serve process on these Defendants.

#### OPTION TWO

Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his Complaint that have been dismissed, in order to attempt to state a viable claim, he may file an Amended Complaint by **November 27, 2023**.  An Amended Complaint, if filed, will completely replace the Complaint and the court will not consider any allegations made in the Complaint in evaluating any Amended Complaint.  The court will review any Amended Complaint after filing

to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an Amended Complaint, the Complaint this Initial Review Order addressed will <u>not</u> proceed to service of process on any Defendant.

If the court receives no response from Plaintiff by **November 27, 2023**, the Court will presume that Plaintiff wishes to proceed on the Complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will need to show good cause if he seeks to amend the complaint in any manner in the future.

**Change of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address, if Defendants have appeared through counsel.

**SO ORDERED** at Hartford, Connecticut, this 25th day of October, 2023.

                                           /s/ *Sarala V. Nagala*
                                           SARALA V. NAGALA
                                           UNITED STATES DISTRICT JUDGE